## Bowman's Ex'rs. *vs* Wootton and wife.

ERROR TO THE SPENCER COUNTY COURT.

*Executors.   County Courts.*

MOTION.

*Case* 20.

JUDGE BRECK delivered the opinion of the Court.

*December* 16.

STILWELL and LACKEY, upon the probate of the will of Charles Bowman, deceased, in the Spencer County Court, in February, 1845, were qualified as executors, and as the will directed that they should not be required to give security, none was required or given. In September following, it appears that they delivered over to the widow of the testator, and devisee for life, all the estate which had come to their hands.

*Case stated.*

In December, 1846, the Court, on motion of Wootton and wife, the latter being a devisee in remainder, and to whom, (the testator having been her guardian,) his estate was indebted, directed a summons to issue against the executors, requiring them to appear and show cause why they should not be ruled to give bond and security. They appeared, and being ruled to give security as executors, and having failed and refused to comply, an order was made removing them, and the Sheriff of the county was directed to take the estate of the testator into his possession and administer it according to law.

*When the testator directs that his executors be permitted to qualify without giving security, can the County Court, at the instance of a legatee or devisee, require the executors to give such security or surrender the estate?—QUERE. If they can do so, it can only be done upon showing that the executors were less responsible than when the will was proved.*

To reverse that order, the executors prosecute this writ of error.

It is contended the order ought to be reversed upon two grounds:

1st. That the Court had no power to make the removal.

2d. That it was wholly unauthorized by the proof in the cause.

Upon the first ground, we find no express statutory provision authorizing this proceeding, and we are not satisfied the authority for it can be fairly inferred or implied.

But if wrong upon this question, and the power upon a proper case made out be conceded, still we are of opinion the facts in this case did not justify the requisition for security. It does not appear that the executors were not entirely solvent and responsible, or that they were less so than at the date or probate of the will. Nor is it shown, in our opinion, that security was required for the protection of the creditor or devisee in, remainder; and certainly not for the protection of the Court.

The judgment or order, is therefore reversed, and the cause remanded, with directions to dismiss the motion.

*McHenry* for plaintiffs.